DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

CASEY BOOME (NYBN 5101845)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6627
    FAX: (415) 436-6982
    Casey.Boome@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No. 3:16-cr-00316-WHA |
|---|---|
| Plaintiff, | ) |
| | ) [~~PROPOSED~~] ORDER OF DETENTION |
| v. | ) |
| ANTWAN WILKINS | ) |
| Defendant. | ) |

On August 12, 2013, the defendant, Antwan Wilkins, pleaded guilty in United States District Court for the Eastern District of Tennessee to one count of Conspiracy to Distribute and Possess with Intent to Distribute 100 Kilograms or More of Marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). On November 14, 2014, the court sentenced the defendant to a term of 96 months of imprisonment to be followed by 60 months of supervised release. The defendant's supervised release was transferred to the Northern District of California.

On July 5, 2019, the defendant was arraigned before the Honorable Jacqueline Scott Corley on a Probation Form 12, which alleges three violations: 1) commission of a new state domestic violence offense; 2) failure to notify his probation officer of a contact with law enforcement; and 3) failure to follow the instructions of his probation officer. At the arraignment, the government and the probation officer requested that the defendant be detained pursuant to Federal Rule of Criminal Procedure 32.1(6) and 18

[PROPOSED] ORDER OF DETENTION
CR 16-316 WHA

1  U.S.C. § 3143(a)(1). This Court held a detention hearing on July 8, 2019 at 10:30 a.m. At the hearing,
2  counsel for the defendant and counsel for the government proffered facts and submitted argument
3  regarding what conditions, if any, would reasonably assure the appearance of the defendant as required
4  and the safety of the community. The Court considered those arguments, as well as Probation's concerns.
5  The Court finds that the defendant has failed to meet his burden to demonstrate by clear and convincing
6  evidence that he will not flee or pose a danger to any other person or to the community, and as such, the
7  Court orders that the defendant shall be detained pending further proceedings.

8       This written order supplements the Court's findings and order at the detention hearing and serves
9  as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1). As noted on
10 the record, the Court makes the following findings as the bases for its conclusion:

11      (1) Pursuant to Federal Rule of Criminal Procedure 32.1(6), when a person is alleged to have
12 violated the terms of his supervised release, "the burden of establishing by clear and convincing evidence
13 that the person will not flee or pose a danger to any other person or to the community rests with the person
14 [defendant]."

15      (2) The Court is concerned by the allegations of domestic violence contained in the Form 12 and
16 proffered by the government and the probation officer at the hearing, including allegations that on June
17 15, 2019 the defendant caused physical injuries to the mother of his child, resulting in the victim requiring
18 treatment at a local hospital. It is alleged that the defendant assaulted the victim in the presence of their
19 eight-month old child. After the June 15, 2019 incident, the victim, who is pregnant with the defendant's
20 second child, stated to the probation officer that she fears for her life. In a prior Form 12 in 2016, it was
21 alleged that the defendant assaulted the same victim in a separate incident. The defendant has a history
22 of prior convictions for domestic violence offenses and violations of domestic violence
23 protective/restraining orders in 2008, 2009, and 2010.

24      (3) In light of the above-referenced allegations and the defendant's history of similar conduct, the
25 Court finds that ordering the defendant to reside in a halfway house would not provide adequate protection
26 to the victim of the June 15, 2019 incident.

27      (4) When the defendant was arrested by the Berkeley Police Department after the June 15, 2019
28 domestic violence incident, officers found the following in his possession: two functioning digital scales,

[PROPOSED] ORDER OF DETENTION
CR 16-316 WHA                              2

plastic baggies, 194.7 grams of marijuana, and nearly $7,000 in cash. These facts indicate to the Court that the defendant may be unlawfully distributing of marijuana, the same general offense conduct for which he was initially convicted in the Eastern District of Tennessee.

For these reasons, pursuant to 18 U.S.C. § 3142(i),

IT IS HEREBY ORDERED that the defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: ~~July 9, 2019~~ July 16, 2019

THE HONORABLE THOMAS S. HIXON
UNITED STATES MAGISTRATE JUDGE