# UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
San Francisco Venue

### Report on Person Under Supervision

| | |
|---|---|
| **Person Under Supervision**<br>Antwan Maurice Wilkins | **Docket Number**<br>0971 3:16CR00316-001 WHA |
| **Name of Sentencing Judge:** | The Honorable Leon Jordan<br>United States District Judge<br>Eastern District of Tennessee |
| **Date of Original Sentence:** | November 14, 2013 |

**Original Offense**
Count One: Conspiracy to Distribute and Possess with Intent to Distribute 100 Kilograms or More of Marijuana, 21 U.S.C. § 846, 841(a)(1), and 841(b)(1)(B), a Class B Felony.

**Original Sentence:** 96 months imprisonment and 60 months supervised release
**Violation Sentence:** 4 months imprisonment and 11 months supervised release

**Special Conditions:** Drug and alcohol testing and treatment, mental health treatment, abstain from the use of alcohol, participate and complete a 52-week domestic violence program, search.

**Prior Form(s) 12:** December 14, 2016, a Request for Modifying the Conditions or Term of Supervision with Consent of the Offender was filed with the Court. The modification included a mental health treatment, and no alcohol condition was imposed by the Court after the client was involved in a domestic violence incident and he appeared to be under the influence of alcohol.

On June 13, 2019, a Petition for Arrest Warrant was filed, alleging domestic violence; possessing marijuana for sale; and failing to follow the probation officer's instructions.

On March 24, 2020, after admitting to all three charges, Mr. Wilkins was sentenced to nine and a half months custody followed by 24 months supervised release. The following additional special conditions were ordered: Drug and alcohol testing; mental health treatment; no alcohol; three months at the Residential Re-entry Center (RRC); 52-week domestic violence program; search by any law enforcement officer; no contact with Christina Council; and supervised visits with children as directed by probation.

On May 28, 2020, following a court appearance, the Court ordered Mr. Wilkins released from the RRC to his mother's residence until July 7, 2020, when the Court was expected to hold a status hearing. Mr. Wilkins was further ordered to remain inside his mother's

**RE:**   Wilkins, Antwan Maurice 2
 0971 3:16CR00316-001 WHA

home and only leave the residence for medical visits, attorney visits, court dates, and other strictly essential needs. He was not to have in-person visitation with his children while on release. The July 7, 2020, status hearing was continued to August 5, 2020, at 9:00 a.m.

On August 5, 2020, the client appeared before Your Honor on a Report on Person Under Supervision filed on August 4, 2020. The petition alleged that the client was in a high crime area ( 25 Mason Street in the Tenderloin District), leaving his residence without permission and admitting to drinking alcohol. The matter was set for August 18, 2020, for a status hearing.

On August 18, 2020, the client appeared before Your Honor for a status hearing. The client was placed on location monitoring while waiting placement at the RRC. The matter was continued to September 29, 2020.

On September 29, 2020, Your Honor revoked the client's supervision. He was sentenced to zero days, followed by 24 months of supervised release. Your Honor modified his conditions to add the RRC for 153 days; 90 days were mandatory and 45 discretionary. All previously conditions remained in effect.

On February 9, 2021, the client appeared before Your Honor. Defense counsel requested the Court to release the client from the RRC. The Court was advised the client had only served 82 out of 135 days, which 90 days were mandatory. The Court was advised that the client had not secured employment. The Court ordered the client to remain in the RRC until he secured employment. The matter was put over for a status hearing on February 23, 2021.

On February 23, 2021, the client appeared before Your Honor requesting that the stay away order be lifted from the victim and their children. The Court denied lifting the stay away order until the client enrolled in domestic violence program.

On April 20, 2021, the client appeared before Your Honor for status hearing regarding the stay away order from victim and his children. Probation provided the Court with an update with client's progress in domestic violence classes and employment. The stay away order from the victim and their children were lifted.

On August 16, 2021, a Petition for Warrant for Person Under Supervision was filed, alleging failure to follow instructions of the probation officer, failure to allow the probation officer to visit at any time, and failure to work at least part-time at a lawful type of employment.

On October 26, 2021, the client admitted to the charges in the Petition for Warrant for Person under Supervision filed August 16, 2021. The client was sentenced to four months custody followed by eleven months supervised release under all previous terms and conditions.

| **Type of Supervision** | **Date Supervision Commenced** |
|---|---|
| Supervised Release | December 17, 2021 |
| **Assistant U.S. Attorney** | **Defense Counsel** |
| Ravi Teekay Narayan | David W. Rizk (AFPD) |

NDC-SUPV-FORM 12A   4/6/2015

RE: Wilkins, Antwan Maurice 3
       0971 3:16CR00316-001 WHA

## Petitioning the Court to Take Judicial Notice

### Cause

Mr. Wilkins was ordered to participate and complete a 52-week domestic violence program as directed by the probation. On October 6, 2022, a progress report was received by the program facilitator indicating Mr. Wilkins completed 36 of 52 weeks of domestic violence programming. A review of Mr. Wilkins remaining time of supervision indicates he will terminate supervision before completion of the 52 weeks of programming.

### Action Taken and Reason

The purpose of this report is to provide notice that Mr. Wilkins is set to expire from supervision on November 16, 2022. Mr. Wilkins has been enrolled with Community Works West for domestic violence programming. His progress report indicates regular attendance. The program facilitator has also indicated the client is an asset to the group dynamic and has been vocally supportive of the program and curriculum. Mr. Wilkins is presently in compliance with all other conditions of supervision. It is respectfully recommended that Your Honor allow Mr. Wilkins term of supervised release to expire as scheduled.

Respectfully submitted,                              Reviewed by:

_____              _____
Andrew Gaerlan                                Sonia Lapizco
U.S. Probation Officer                        Supervisory U.S. Probation Officer
Date Signed: October 19, 2022

THE COURT ORDERS:

XXX The Court concurs and takes judicial notice

☐ Submit a request to modify supervision

☐ Submit a request for summons

☐ Other:

October 20, 2022                              _____
Date                                          William Alsup
                                              Senior United States District Judge